United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HI QUOC TRUONG,<br><br>    Petitioner,<br><br>  v.<br><br>DAVID RUNNELS, Warden, High Desert State Prison,<br><br>    Defendant.<br>_____/ | No. C-06-4235 MMC<br><br>**ORDER GRANTING APPLICATION TO STAY FEDERAL HABEAS PETITION PENDING EXHAUSTION OF CLAIMS IN STATE COURT**<br><br>(Docket No. 2) |

     Petitioner, a California prisoner, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the Court is petitioner's motion, filed July 10, 2006, to stay his federal habeas petition while he exhausts certain of the claims contained therein in state court.

## BACKGROUND

     In 2002, in the California Superior Court for the City and County of San Francisco, petitioner was convicted of one count of first degree murder and one count of attempted murder, with related sentencing enhancements for use of a firearm.  On the first count, first degree murder, petitioner was sentenced to a term of twenty-five years to life in state prison, with a consecutive term of 25 years to life for the firearm use allegation.  On the second count, attempted murder, petitioner was sentenced to a concurrent term of life

imprisonment with the possibility of parole, with a consecutive term of twenty years for the firearm allegation associated with that count. The California Court of Appeal affirmed petitioner's conviction, and the Supreme Court of California denied review.  On July 6, 2006, four days before the instant petition was filed in federal court, petitioner filed a petition for a writ of habeas corpus in Superior Court, which petition remains pending.

Petitioner states that of the three claims contained in his federal petition, two are unexhausted until the state court rules on his state petition.  In his first claim, which petitioner states he exhausted during his direct appeal, petitioner contends the state violated the federal Constitution by suppressing exculpatory evidence it was required to disclose to defense counsel prior to trial.  In his second and third claims, which are included in his pending state petition, petitioner contends his trial counsel provided ineffective assistance of counsel by failing to present a manslaughter defense, and that the prosecutor violated his right to due process by making a victim impact argument during closing argument.

**DISCUSSION**

Petitioner has filed a motion to stay his federal petition to allow him to exhaust his unexhausted claims.  A district may stay a "mixed" petition to allow for exhaustion of unexhausted claims when (1) there is "good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." See Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005); see also Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813-14 (2005) (noting prisoner may file "protective" petition in federal court and ask federal court to stay federal habeas proceedings until state remedies exhausted).

Here, petitioner already has filed a petition in state court, prior to filing his federal petition, but the state court has not yet ruled on that petition.  As petitioner's unexhausted claims are potentially meritorious, and there is no evidence that he has engaged in intentionally dilatory litigation tactics, the request for a stay will be granted.

/ /

2

**CONCLUSION**

In light of the foregoing, petitioner's motion for a stay of the instant petition is GRANTED, and the above-titled action is hereby STAYED until petitioner has exhausted all of the claims in his federal petition.

Petitioner is cautioned that if he wishes to have this Court consider his claims, he must notify this Court, within thirty days of the state Supreme Court's ruling on his state court petition, that he wishes to reopen this action.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: July 31, 2006

_____
MAXINE M. CHESNEY
United States District Judge