IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HI QUOC TRUONG,<br><br>    Petitioner,<br><br>  v.<br><br>D.L. RUNNELS, in his capacity as Warden of the High Desert State Prison,<br><br>    Respondent<br>_____/ | No. C 06-4235 MMC<br><br>**ORDER OF SERVICE; DIRECTING RESPONDENT TO FILE RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Hi Quoc Truong's Amended Petition for Writ of Habeas Corpus, filed March 20, 2008, pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

In 2002, in the California Superior Court for the City and County of San Francisco, petitioner was convicted of one count of first degree murder and one count of attempted murder, with related sentencing enhancements for use of a firearm. On the first count, first degree murder, petitioner was sentenced to a term of twenty-five years to life in state prison, with a consecutive term of 25 years to life for the firearm use allegation. On the second count, attempted murder, petitioner was sentenced to a concurrent term of life imprisonment with the possibility of parole, with a consecutive term of twenty years for the firearm allegation associated with that count. The California Court of Appeal affirmed petitioner's conviction, and the Supreme Court of California denied review.

On July 6, 2006, petitioner filed a petition for a writ of habeas corpus in Superior Court. Four days later, on July 10, 2006, petitioner filed his initial petition in the instant action. On that same date, petitioner filed a motion to stay his federal habeas petition pending exhaustion in state court of certain of the claims contained therein. By order filed July 31, 2006, the Court granted petitioner's motion and stayed the action, pending petitioner's exhaustion of his claims in state court. Thereafter, the San Francisco Superior Court denied the petition for a writ of habeas corpus, and the California Court of Appeal and California Supreme Court denied petitioner's subsequent petitions.

On March 20, 2008, petitioner notified the Court that he had exhausted his claims in state court; on that same date, petitioner filed his amended petition.

**DISCUSSION**

**A. Legal Standard**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B. Petitioner's Claims**

In his amended petition, petitioner makes the following claims: (1) petitioner's trial counsel "provided ineffective assistance of counsel by basing petitioner's entire defense on a mistaken factual premise," and, in reliance on such mistaken premise, "foregoing presentation of a manslaughter defense . . . and failing to present evidence which would have impeached the state's case," (see Am. Pet. at 3:15-22); (2) "[t]he state suppressed

exculpatory evidence which it was required to have disclosed to defense counsel prior to trial," (see id. at 8:2-4); (3) petitioner's rights under the Due Process Clause were violated by the prosecution's presentation of "a victim impact argument at petitioner's non-capital trial," (see id. at 10:7-9); and (4) "the combination of these errors require[s] relief," (see id. at 11:26-27).[1]

The Court cannot say, from the face of the pleadings, that the claims alleged by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the amended petition. Specifically, respondent will be directed to either file a motion to dismiss, if such a motion is warranted, or, alternatively, to file an answer, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition, and a supporting memorandum of points and authorities.

**CONCLUSION**

In light of the foregoing:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the Amended Petition, and the Memorandum of Points and Authorities in Support of Amended Petition for Writ of Habeas Corpus upon respondent and respondent's attorney, the Attorney General for the State of California.

2. Respondent shall file, within 30 days of the date of service of this order, either a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer and supporting memorandum of points and authorities.

3. In the event respondent files an answer, petitioner may, within 30 days thereafter, file a reply.

**IT IS SO ORDERED.**

Dated: April 1, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] The facts on which petitioner relies in support of such claims are set forth in the amended petition.